UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-3251 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| YOUNG KIM, MD, and WELLPATH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Young, a former detainee at the Will County Adult Detention Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging objectively unreasonable medical treatment by defendants Dr. Young Kim and Wellpath, LLC. In his Second Amended Complaint, Young added Wellpath as a defendant to this lawsuit, after which Wellpath filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Wellpath's motion.

**Background**

In his Second Amended Complaint, Young alleges that on December 29, 2018 and January 3, 2019, Dr. Kim, an employee of defendant Wellpath, conducted medical examinations of him while he was a detainee at the Will County Adult Detention Facility. During these examinations, Dr. Kim became aware that Young suffers from Type 2 diabetes. Dr. Kim then prescribed, among other treatments, an oral dose of Glipizide as a treatment for diabetes. At that time, Young had informed Dr. Kim that he had been diagnosed as a non-insulin user, as determined by his primary health care physician at the Edward Hines, Jr. Veterans Administration Facility. Young then asked Dr. Kim to consult with his primary health care physician, but Dr. Kim failed to do so. According to Young, Dr. Kim disregarded Young's information and prescribed a dose of insulin on January 16,

2019. Young asserts that this dose was life-threatening and caused him severe medical trauma. Young was hospitalized due to this insulin dose.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

In its motion to dismiss, Wellpath first argues that Young's claim against it is untimely under the two-year limitations period for § 1983 actions. *See Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019). Under the discovery rule that governs the accrual of claims in federal lawsuits, the limitations period begins to run when the plaintiff learns that he has been injured and by whom. *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). In other words, the discovery rule delays the accrual of a claim until the plaintiff could have reasonably discovered defendant's involvement in his alleged injury. *United States v. Spectrum Brands, Inc.*, 924 F.3d 337, 350 (7th Cir. 2019). Here, Young maintains that he was unaware that Wellpath was the health care provider for the Will County Adult Detention Facility and that Dr. Kim was Wellpath's employee until October 2021 when written discovery revealed Wellpath's role.

Wellpath takes issue with Young's late discovery of its involvement, but fails to recognize that even if the discovery rule did not apply, the relation-back doctrine set forth in Federal Rule of

Civil Procedure 15(c)(1)(C) allows Young to bring Wellpath in as a defendant without timeliness issues. *See Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). The Court thus denies this aspect of Wellpath's motion to dismiss.

Nevertheless, Young's bigger problem is that he has failed to allege how Wellpath is liable for Dr. Kim's alleged errors. As a private contractor that provides healthcare services for Will County Adult Correctional Facility, Young must establish Wellpath's liability under *Monell* because Circuit precedent establishes that private corporations acting under color of law benefit from *Monell's* rejection of respondeat superior liability for an employee's constitutional violations. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *Glisson v. Indiana Dept. of Corr.*, 849 F.3d 372, 378 (7th Cir. 2017).

In his Second Amended Complaint, Young fails to allege any factual details leading to a reasonable inference that Wellpath had a custom, practice, or policy that gave rise to his harm. Instead, Young frames this issue as a failure to supervise claim, yet failure to supervise claims against a government entity also fall under the *Monell* framework. *See Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019). On a final note, Young's attempt to bring an individual capacity claim asserting that Wellpath was Dr. Kim's supervisor fails for the simple fact that Wellpath is not an individual. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) ("an individual capacity suit focuses on the constitutional torts of an individual official"). The Court grants Wellpath's motion to dismiss based on Young's failure to state a claim.

**Conclusion**

For these reasons, the Court denies defendant's motion to dismiss based on the statute of limitations, but grants defendant's motion based on plaintiff's failure to state a claim [76]. The Court grants plaintiff leave to file a Third Amended Complaint in accordance with this ruling and

counsel's Rule 11 obligations. Plaintiff's Third Amended Complaint is due on or before April 1, 2022.

IT IS SO ORDERED.

Date: 3/8/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge