UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-3251 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| YOUNG KIM, MD, and WELLPATH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Young, a former detainee at the Will County Adult Detention Facility, brings this lawsuit under 42 U.S.C. § 1983 alleging objectively unreasonable medical treatment by defendants Dr. Young Kim and Wellpath, LLC. In his third amended complaint, Young brings a *Monell* claim against Wellpath, the health care provider for the Will County Adult Detention Facility. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the Court is Wellpath's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Wellpath's motion.

**Background**

Young alleges that on December 29, 2018 and January 3, 2019, Dr. Kim, an employee of defendant Wellpath, conducted medical examinations of him while he was a detainee at the Will County Adult Detention Facility. During these examinations, Dr. Kim became aware that Young suffers from Type 2 diabetes. Dr. Kim then prescribed an oral dose of Glipizide as a treatment for diabetes. At that time, Young had informed Dr. Kim that he had been diagnosed as a non-insulin user as determined by his primary health care physician at the Edward Hines, Jr. Veterans Administration Facility. Young then asked Dr. Kim to consult with his primary health care physician, but Dr. Kim failed to do so. Dr. Kim allegedly disregarded this medical information and

prescribed a dose of insulin to Young on January 16, 2019. Young further asserts that this dose was life-threatening and caused him severe medical trauma. In fact, Young was hospitalized due to this insulin dose.

In addition, Young alleges Wellpath was aware that Dr. Kim was overworked and experiencing chronic stress resulting in his failure to provide reasonably adequate medical care. Based on this allegation, Young further contends Wellpath has a policy or practice of failing to take corrective action when its employees are overworked or stressed that creates a risk of harm to the detainees at Will County Adult Detention Facility.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In its motion to dismiss, Wellpath asserts Young has failed to adequately allege a *Monell* claim under the federal pleading standards. As the Seventh Circuit recently explained, "[l]iability under *Monell* is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took 'deliberate' action that was the

2

'moving force' behind a constitutional injury." *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022). Meanwhile, inaction "can give rise to liability in some instances if it reflects 'a conscious decision not to take action.'" *Dean v. Wexford Health Sources, Inc.,* 18 F.4th 214, 235 (7th Cir. 2021) (citation omitted).

In his third amended complaint, Young alleges that "Wellpath had adopted a policy or practice of deliberately eschewing corrective action when made aware of its employees' chronic stress, over-burdened workload, understaffed physician support, and risk of harm to patients" and "such policy or practice was followed with deliberate indifference to the likelihood and awareness of resulting constitutionally inadequate medical care." From these allegations, Young is relying on the *de facto* widespread practice theory of *Monell* liability.

A widespread practice may be established in several ways, including "a prior pattern of similar constitutional violations." *Fields v. City of Chicago*, 981 F.3d 534, 562 (7th Cir. 2020). To establish a *de facto* widespread policy or practice, Young's situation with Dr. Kim cannot be an isolated or random event. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "At the pleading stage, then, a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill,* 850 F.3d at 344. To do so, Young must provide an example of another situation similar to his interaction with Dr. Kim. *See id*. ("The specific actions of the detectives in Gill's case alone, without more, cannot sustain a *Monell* claim based on the theory of a *de facto* policy."). Put differently, a plaintiff must allege more than their own experience to "show a sufficiently specific pattern of conduct to 'support the general allegation of a custom or policy.'" *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (citation omitted).

Young's third amended complaint does not identify any other instances supporting his general allegation of a *de facto* policy based on Wellpath's failure to take corrective action concerning

3

its employees' chronic stress and over-burdened workload. Without any allegations of other, similar incidences, Young has failed to plausibly allege his *Monell* claim against Wellpath. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Because Young has had the opportunity to reallege his claims against Wellpath, the Court does not grant Young leave to file another amended complaint.

**Conclusion**

For these reasons, the Court grants defendant's motion to dismiss and dismisses Wellpath, LLC as a defendant to this lawsuit [86].

IT IS SO ORDERED.

Date: 5/23/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge